MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I respectfully dissent. The statute under which the court purports to exercise jurisdiction in these cases provides that no appeal can be taken from a “final order” in a habeas case unless “the applicant has made a substantial showing of the denial of a constitutional right.” See 28 U.S.C. § 2253(c)(2); see also 28 U.S.C. § 2253(c)(1)(B). It is indisputable and undisputed that the district court has entered a “final order” in these cases and that the applicants have not “made a substantial showing of a denial of a constitutional right.”
Despite the plain wording of the statute, the court proceeds to decide these cases in the professed belief, for reasons that it does not disclose, that Congress could not have intended to foreclose appeals when a district court entered a final order in a habeas case on a question antecedent to the merits. I have no similar difficulty with the statute: The whole point of the AEDPA and the PLRA was to reduce the incidence of prisoner litigation in federal courts because of widespread public dissatisfaction with the criminal justice system. Since the statute’s objective is advanced by reducing the number of appeals in habeas cases, there is no reason to wonder why Congress would want to do that. More importantly, ours is not to wonder why: The statute rather plainly forecloses the appeal, and we ought simply to read its words and apply them.
There is, moreover, a construction of the statute that would allow a habeas petitioner an appeal even if the final order in his or her case is entered on a matter preliminary to the merits. A requirement that the prisoner make some kind of abbreviated showing on the merits (perhaps in an appropriate case accompanied by an offer of proof) before he or she can take an appeal, even on a matter unconnected with the merits, is a perfectly rational (if rather cumbersome) one. The court does not even consider this possible construction of the statute and proceeds to judgment in the face of what seems to me to be an unmistakable jurisdictional barrier.
I would therefore dismiss these cases for lack of jurisdiction.